■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEITH TAYLOR, Appellant. [639 NYS2d 15]

We previously held the appeal in abeyance and remanded the matter for a hearing on defendant's motion pursuant to CPL 30.30 (210 AD2d 62). The hearing has been held and we agree with the hearing court's finding that virtually all the delays in this case were attributable to defendant. Although a total of 66 days, 13 days from August 28, 1990 to September 11, 1990 and 53 days from July 24, 1991 to September 16, 1991, are chargeable to the People, the statutory period for the People to be ready for trial was not exceeded and no violation of defendant's right to a speedy trial has been established. However, given the circumstances of this case, where the cabdriver victim felt "a sharp instrument against [his] wrist", as he reached to prevent defendant from grabbing the cigar box situated on the seat next to him, and the minor scratch inflicted, the can opener subsequently found in defendant's pocket does not fit the statutory definition of a dangerous instrument, the use of which is a necessary element of the crime of attempted robbery in the first degree (*see*, Penal Law § 10.00 [13]; § 160.15 [3]). Accordingly, such conviction must be dismissed for legal insufficiency.

We have considered defendant's other arguments and find them to be without merit. Concur—Milonas, J. P., Rosenberger, Kupferman and Tom, JJ.